THE PEOPLE *ex rel.* CHARLES REITZ *et al.*

*v.*

CALVIN DEWOLF.

1. STATUTE—*constitutional mode of passage.* A bill for an act entitled "An act to increase the jurisdiction of justices of the peace and police magistrates," printed in the Session Laws of 1871, was regularly passed in the house of representatives.   In the senate an amendment was adopted of matters not embraced in the title, and the bill as amended was passed by the constitutional majority on the call of the ayes and noes.   The house refusing to concur in the amendment, the senate, by a vote of 23 to 16, receded from the amendment, which was all the action had on the bill by the senate. The senate consisted of 50 members, a majority of whom were necessary to the passage of a law : *Held,* that the bill never became a law.

This was a petition for a mandamus, setting forth that the relators, on Aug. 16, 1871, recovered judgment before the defendant, a justice of the peace, against Joseph Becker for $111.92 and costs of suit, and alleging that such justice refused to issue an execution on the judgment, on the pretense that their was no law authorizing justices to render judgment in a suit for more than one hundred dollars, and praying for a mandamus to compel the defendant to issue execution on the judgment.

Mr. FRANCIS LACHNER, for the relators.

Mr. CALVIN DEWOLF, *pro se.*

Mr. JUSTICE SHELDON delivered the opinion of the Court :

The only question here arising is, whether the supposed act entitled "An act to increase the jurisdiction of justices of the peace and police magistrates," of Session Laws, 1871, purporting to increase the jurisdiction of the above named officers to $200 in civil causes, and to have gone into force July 1, 1871, ever became a law.

It appears by the return, which is not traversed, and is to be

taken as true, that the bill for the act originated in the house of representatives, and was there regularly passed, and, while pending and under consideration in the senate, an amendment thereto was proposed and adopted by a *viva voce* vote, as an additional section, in the words following:

" Section 2. All justices of the peace, police magistrates, and constables in this State, shall, within twenty days after this act takes effect, execute office bonds conditioned as now required by law, in addition to the bonds heretofore executed by them, as such officers, in a like penal sum, and with like security, to be approved and filed as their former office bonds; and a failure of any justice of the peace, police magistrate, or constable to execute such bonds within twenty days after this act takes effect as aforesaid, shall be deemed a resignation of his office."

And that when said bill passed in the senate, as stated in the petition, said section was added thereto as a senate amendment.

That, afterward, on the 12th day of April, 1871, the bill, with said senate amendment added thereto, was brought before the house of representatives for consideration, and the question being, will the house concur in said senate amendment? it was decided in the negative, and so the house refused to concur. That, on the same last named day, the action of the house in refusing to concur in the senate amendment, was reported to the senate, and, on the question then being, shall the senate recede from its amendment? the following was the vote of the senate thereon: for receding from the amendment there were 23 votes, and against receding from the amendment there were 16 votes; whereupon it was declared that the senate had receded from its amendment. This was all the action ever had by the senate upon the bill, as we understand from the case as submitted to us by the parties.

The constitution contains the following provisions: " Each house shall keep a journal of its proceedings, which shall be published." Art. 4, § 10.

" Bills may originate in either house, but may be altered,

amended, or rejected by the other, and, on the final passage of all bills, the vote shall be by yeas and nays upon each bill separately, and shall be entered upon the journal; and no bill shall become a law without the concurrence of a majority of the members elected to each house." Art. 4, § 12.

" No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." Art. 4, § 13.

The whole number of senators elected to and composing the senate being 50, at least 26 of its members must concur in the final passage of a bill.

This is indispensable to its becoming a law. The vote must be taken by yeas and nays, and entered upon the journal. It must appear on the face of the journal that the bill passed by a constitutional majority; and it is competent to show from the journals of either branch of the legislature, that a particular act was not passed in the mode prescribed by the constitution, and thus defeat its operation altogether. *Spangler* v. *Jacoby*, 14 Ill. 298.

It only appears in this case that a majority of the members elected to the senate concurred in the passage of the bill as amended by the senate. And it appears that there was not a concurrence of a constitutional majority of the senate in the passage of the bill in its present form, consisting of only one section, and therefore it never became a law.

It is said by the relator, that by the refusal of the house to concur in the senate amendment it never became a part of the bill, and was as if it had never existed; that no further vote of the senate was necessary in regard to it; that they had simply failed to make this amendment a part of the bill; that the bill itself they had already passed.

But it is not true that the senate had passed the bill simply, without the amendment.

It had passed the bill only as amended.

It does not follow that the bill, stripped of the amendment,

did receive, or would have received, the assent of the constitutional majority of the senate.

The bill which passed the house and the bill as amended were something different.

It is further urged that, had section 2 of the act regularly passed both houses, it would never have been the law, and would have been void, because it was a subject not expressed in the title of the act, and so the fact of its being passed or left out in the senate can not affect the validity of section 1.

Even assuming the position to be correct that the amendment, section 2, would have been void, for the reason urged, it does not affect this question of assent on the part of the senate.

The question is, to what did a constitutional majority of the senate give their assent?

And it was to the increase of the jurisdiction of justices of the peace as provided in section 1, coupled with a corresponding increase of their official bonds, as provided in section 2.

A constitutional majority of the senate never assented to the proposed increase of the jurisdiction of justices without the provision for the increase of their official bonds. And the validity or invalidity of such provision in no wise changes the fact as to what the senate did or did not give their assent.

Our decision is predicated solely upon the state of facts as set forth in the return in this case, without an inspection of the journal of the senate; and we pass upon the validity of the act in question no further than as affects the present application in view of the admitted facts in the case.

The application for a peremptory mandamus must be denied.

*Mandamus refused.*