(No. 16155.—Reversed and remanded.)
ALVIN E. NELSON *et al.* Appellants, *vs.* PETER M. HOFF-
MAN, Sheriff, Appellee.

*Opinion filed December 16, 1924.*

1. MORTGAGES—*amendment of 1921 adding section 4a to statute on mortgages is unconstitutional.* The amendment of 1921 (Laws of 1921, p. 570,) adding section 4*a* to the act in relation to mortgages, and providing that a chattel mortgage shall not be good against creditors unless filed for record within ten days, violates section 13 of article 4 of the constitution, as the new section amends section 4 by reference, only, without inserting the amended section in the new act, and, since it changes the existing section, the rule permitting an amendment by adding a new section does not apply.

2. STATUTES—*subsequent complete act may amend prior act by implication.* A subsequent act may by implication have the effect of amending a prior act without violating section 13 of article 4 of the constitution, where the subsequent act is an independent act complete in itself and does not profess to be amendatory.

3. SAME—*what determines whether act is complete in itself or amendatory.* Whether an act is amendatory or complete in itself is to be determined not by its title, alone, nor by the question whether it professes to be an amendment of existing laws, but by comparison of its provisions with prior laws left in force.

4. SAME—*when statute is subject to constitutional provision as to amendments.* If an act is complete on the subject with which it deals it will not be subject to the constitutional objection that it amends a prior act by reference, only, but if it attempts to amend the old law by intermingling new and different provisions with the old ones or by adding new provisions, it must be regarded as amendatory of the old law and the law amended must be inserted at length in the new act.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

A. J. DEUTSCHMAN, for appellants.

GEORGE F. BARRETT, and WINSTON, STRAWN & SHAW, (CHARLES J. McFADDEN, JAMES H. CARTWRIGHT, and PAUL H. MOORE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the plaintiffs from a judgment of the superior court of Cook county and is brought here because a constitutional question is involved.

Alvin E. Nelson and Earle S. Nelson, doing business as Nelson Bros., replevied from the sheriff of Cook county a certain Paige automobile which he had taken on execution against James F. McCullom. To the declaration the defendant filed pleas justifying under the execution, and the plaintiffs replied that McCullom being indebted to the plaintiffs in the sum of $607.50, mortgaged the automobile, of which he was the owner, to them for a valuable consideration on May 25, 1923; that the mortgage was acknowledged June 2 and recorded June 5, 1923. The defendant rejoined that the mortgage was fraudulent and void as to creditors for the reason that it was not recorded within ten days of its execution, in accordance with an act of the legislature approved June 27, 1921, entitled "An act to amend an act entitled, 'An act to revise the law in relation to mortgages of real estate and personal property,' approved March 26, 1874, in force July 1, 1874, as subsequently amended by adding thereto a section to be known as section 4a." (Laws of 1921, p. 570.) The plaintiffs demurred to the rejoinder. Their demurrer was overruled. They elected to stand by it and judgment was rendered against them, to reverse which they have appealed to this court, claiming that the act of 1921 violates section 13 of article 4 of the constitution of 1870, which provides that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

The act amended by the act of 1921 here in question constituted chapter 95 of the Revised Statutes of 1874. Section 1 provided that no chattel mortgage should be valid as against third persons unless possession of the mortgaged property should be delivered to and remain with the

grantee, or the instrument provided that possession of the property remain with the grantor and be acknowledged and recorded as in the act provided. Sections 2 and 3 provided for the acknowledgment of such instrument, and section 4 provided that such instrument, duly acknowledged, shall be admitted to record by the recorder of the proper county, and "shall thereupon, if *bona fide,* be good and valid from the time it is filed for record," etc. Section 4*a,* which it was the purpose of the amendment of 1921 to add to the act, is as follows: "No mortgage, trust deed or conveyance of personal property shall be valid as against the creditors of the mortgagor, even though admitted to record, as provided in section 4 of this act, unless it shall be filed for record in the office of the recorder of deeds of the proper county within ten days of its execution, and any such mortgage, trust deed or conveyance of personal property not filed for record within ten days of the execution thereof shall be fraudulent and void as to creditors."

Under the original act section 4 declared every chattel mortgage acknowledged and recorded in accordance with the act, if *bona fide,* good and valid against everybody from the time of filing for record, without regard to the date of filing. The sole purpose of section 4*a* was to amend section 4 so that mortgages acknowledged and recorded should be good and valid from the time of filing for record against everybody except creditors of the mortgagor, but not good and valid against such creditors unless filed for record within ten days of their execution. This amendatory act is exactly the kind of legislation against which section 13 of article 4 of the constitution is aimed. It amends section 4 by reference, only. The subject with which both sections deal is the filing for record of chattel mortgages. No one can tell what is required in that regard except by reading together the two sections, whose intermingled provisions declare the law. The whole subject was covered by section 4, and the only purpose of section 4*a* was to add

to section 4 the requirement that such mortgage should not be valid as against creditors of the mortgagor unless filed for record within ten days of its execution. The constitutional provision in question provides that such amendment shall not be made by reference to the title, only, but the section amended shall be inserted at length in the new act.

The addition of a section or sections to a statute is recognized as a proper method of amendment of the statute and not subject to the constitutional objection which is made here. (*People* v. *Edmands,* 252 Ill. 108; *People* v. *Exton,* 298 id. 119.) In the amended acts in those cases, and in other cases in which the propriety of adding sections to a statute by way of amendment has been recognized, no change was made except by the addition of a section or sections, which did not affect the other provisions of the acts but supplied a deficiency in their terms or provided for a condition not covered by the acts. In the first case cited the amendatory act added to the Cities and Villages act an article which provided for the commission form of government in cities and made no change in the act except by adding the article. The act involved in the other case purported to be an act to amend the School law by adding to it seven new sections, which provided for the formation of community consolidated school districts. It is said in the opinion that while it is called an act to amend the general School law, it does not change, reform, revise, correct or modify any provision of the general School law or purport by its language to do so. It merely authorized the organization, under certain specified conditions, of districts, to which were given the powers and duties of other school districts under the School law and some added powers.

A subsequent act may by implication and incidentally have the effect of amending a prior act without violating the constitution, and it has frequently been held that an independent act complete in itself as to the subject with which it deals is not within the mischief intended to be

remedied by section 13 of article 4 of the constitution. (*People* v. *Wright,* 70 Ill. 388; *Timm* v. *Harrison,* 109 id. 593; *School Directors* v. *School Directors,* 135 id. 464; *People* v. *Knopf,* 183 id. 410; *Erford* v. *City of Peoria,* 229 id. 546; *People* v. *Jones,* 242 id. 138; *People* v. *Van-Bever,* 248 id. 136; *People* v. *City of Chicago,* 310 id. 534.) It is only where the law professes to be amendatory or is amendatory in its nature that the constitutional provision applies. This act, however, does not purport to be an independent act but does purport to be amendatory, and while the amendment takes the form of a separate section it is only amendatory of section 4, and is in direct violation of the constitutional provision. The character of an act, whether amendatory or complete in itself, is to be determined not by its title, alone, nor by the question whether it professes to be an amendment of existing laws, but by comparison of its provisions with prior laws left in force, and if it is complete on the subject with which it deals it will not be subject to the constitutional objection, but if it attempts to amend the old law by intermingling new and different provisions with the old ones or by adding new provisions, the law on that subject must be regarded as amendatory of the old law and the law amended must be inserted at length in the new act. *People* v. *Knopf, supra.*

In *People* v. *Election Comrs.* 221 Ill. 9, the Primary Election law of 1905 was held unconstitutional for various reasons. Among other things, section 2 was held to be an unconstitutional attempt to amend sections 4, 5 and 6 of the Australian Ballot law by changing the time within which petitions for nomination were authorized to be filed and confining the right to certain political parties. The act was an independent piece of legislation but was not complete in itself, and section 2 attempted to amend the previous law by intermingling new and different provisions with the old.

In *Lyons* v. *Police Pension Board,* 255 Ill. 139, an act was passed by the legislature which purported to amend the Police Pension Fund act. The nature of the amendment was the addition of a new section, to be known as section 3*a*, extending the benefit of the act to police matrons in the police department upon the terms specified in such additional section. The amendatory act was held to be, in fact, an amendment of section 3 of the original act, which was the only section dealing with the question of eligibility to pensions. The amendatory act added to the persons who might receive pensions police matrons, and as section 3 as amended was not inserted at length in the new act it was held that the amendatory act was a violation of section 13 of article 4 of the constitution.

In *Galpin* v. *City of Chicago,* 269 Ill. 27, an act was passed to amend the Fees and Salaries act by adding an additional section requiring the State's attorney in counties of the third class to pay quarterly into the county treasury all fees collected and remaining in his hands. The only effect of the additional section, if valid, was to change the beneficiary of the fees which under section 8 of the Fees and Salaries act were to be received by the State's attorney as sole beneficiary, and it was held that the section, (9*a*,) which required the payment of the fees into the county treasury, was merely an amendment of section 8 and was unconstitutional.

In *People* v. *Stevenson,* 272 Ill. 325, an act had been passed by the legislature and approved by the Governor entitled "An act concerning real estate agency corporations." It purported to be an independent act, but its whole purpose was to remove from section 1 of the Corporation act the exception of real estate brokerage from the purposes for which corporations could be formed and to except corporations formed for that purpose from the provisions of section 5 of the act concerning the ownership of real estate by corporations. The act, though professing to be an

independent act, was not complete within itself and was held obnoxious to the constitutional provision.

In *Board of Education* v. *Haworth,* 274 Ill. 538, section 5 of "An act to provide for the payment of high school tuition and to provide free high school privileges for graduates of the eighth grade," etc., which required county superintendents of schools to pay out of the State school fund tuition of pupils attending high school outside of their districts, was held to be amendatory in its character and an attempt to amend section 14 of the School law, concerning the distribution of the school fund, by reference, only, and without setting out at length the section amended in the law, and was held in violation of section 13 of article 4 of the constitution.

In *School Directors* v. *School Directors, supra,* it is said: "Two or more laws relating to the same subject, or different parts of the same subject matter, are not necessarily amendatory of each other, within the meaning of this clause of the constitution, although they may be construed together as *in pari materia.*" By way of illustration in that opinion it is said: "The legislature may declare certain acts to constitute larceny and provide a punishment therefor different from that ordinarily inflicted for larceny without inserting in the body of the act the Criminal Code or incorporating in the new statute the sections defining and punishing larceny generally." An instance of such legislation is found in *People* v. *Jones, supra.* The Revised Statutes of 1874 fixed the penalty for the crime of kidnapping at imprisonment in the penitentiary not exceeding five years, or a fine not exceeding $1000, or both. It embraced the forcible or secret confinement or imprisonment of any person within the State against his will, or carrying or sending any person out of the State, or inveigling or kidnapping any person with intent to cause him to be secretly imprisoned in the State or to be sent out of the State against his will. This section had refer-

ence to all persons, regardless of age. In 1889 an act was passed to amend the Criminal Code by adding section 166½, which referred to the abduction or concealment of children, and provided that whoever willfully and without authority forcibly took or enticed away any infant under the age of twelve years without the consent of its parent, guardian or lawful custodian, with intent to conceal or imprison such infant, or whoever willfully and without authority concealed or imprisoned an infant under the age of twelve years without the consent of its parent, guardian or lawful custodian, should upon conviction be imprisoned in the penitentiary for his or her natural life or for any number of years. In 1901 another act was passed, entitled "An act to punish kidnapping for ransom," which declared a penalty of death or imprisonment in the penitentiary for life or any term not less than five years against any person who should willfully, unlawfully and forcibly seize and secretly confine within this State, or take, carry or send or cause to be taken, carried or sent out of this State, any person against his will or against the will of the parent, guardian or legal custodian of such person, for the purpose of extorting ransom or money or other valuable thing or concession from such person, his parent, guardian or legal custodian. This act made no mention of the age of the victim. An indictment of eight counts was returned, charging the defendant in different counts with a violation of each one of these sections. Upon a verdict of guilty the court sentenced the defendant to imprisonment in the penitentiary for twenty-five years, as authorized by the counts charging kidnapping for ransom under the act of 1901. It was contended by the defendant that the act of 1901 was unconstitutional because it was an attempt to amend the previous statutes by reference, only, without setting out the section amended, in violation of section 13 of article 4 of the constitution, but it was held that the act of 1901 was an independent act complete in itself, and did

not purport to be, and was not in fact, an amendment to any previous act. The three acts in question provided for three different offenses: The first for the unlawful imprisonment or kidnapping of any person; the second for the kidnapping of children under twelve years of age, prescribing a greater penalty than the previous act; and the third the kidnapping, for ransom, of any person without regard to age, prescribing a still greater penalty, and the act of 1901 was held a valid enactment. The added sections did not modify or affect the crime of kidnapping as defined in the Criminal Code, but each declared certain acts of restraint against a particular class of individuals or for a particular specified purpose criminal and imposed a penalty. No change was made in the definition of kidnapping but other crimes growing out of similar acts were denounced.

In *People* v. *VanBever, supra,* the act of 1909 in regard to pandering fixed the punishment at a sentence to the house of correction for one year and a fine of $1000, and in default of payment at the expiration of the original term of imprisonment to stand committed to the house of correction until such fine, together with the costs, had been worked out at the rate of $1.50 a day. The defendants sued out a writ of error and objected to that part of the sentence, only, which provides for working out the fine at the rate of $1.50 a day. This part of the sentence was imposed by virtue of sections 168a and 168b of the Criminal Code. These sections are sections 2 and 3 of an act passed in 1879, entitled "An act to amend the Criminal Code, to change the punishment of persons convicted of the crime of petit larceny and misdemeanors," etc. (Laws of 1879, p. 117.) They provide that after their passage, in case any person is convicted of any misdemeanor the punishment of which in whole or in part may be imprisonment in the county jail, the court may, in its discretion, instead of committing to jail, sentence

such person to labor in the workhouse of any city, town or county where the conviction is had, and that any person convicted of petit larceny, or any misdemeanor punishable in whole or in part by fine, may be required to work out such fine and all costs in the workhouse of the city, town or county, or on the streets and alleys of any city or town, or on the public roads in the county, under the proper person in charge, at the rate of $1.50 per day for each day's work. It was argued that these sections amended other sections of the Criminal Code which had reference to punishment for misdemeanors and were unconstitutional because the other sections so claimed to be amended were not inserted at length in the new act, but in accordance with previous holdings of the court it was held that the sections in question were not amendatory but were an independent act complete in itself, having to do with the general subject of imprisonment for misdemeanors, and authorizing the trial court in all such cases, in its discretion, instead of committing the defendant to jail to sentence him to labor in the workhouse or on the streets or roads.

In *Erford* v. *City of Peoria, supra,* the claim was that the act of 1905, entitled "An act concerning suits at law for personal injuries and against cities, villages and towns," was not constitutional because in violation of section 13 of article 4 of the constitution. What was really involved in the case was section 2 of the act, which provided that every person about to bring an action against a city, village or town should within six months of the date of the injury or the accrual of the cause of action, file a notice of the accident in the office of the city attorney or city clerk. Section 2 did not amend any statute or purport to amend any statute. It was altogether new legislation. The act introduced a new rule requiring notice, but it was not an amendment of a statute of any kind and it was so held. The appellant argued that section 1, which fixed one year as the limitation for bringing suits for personal injuries

314—40

against a city, was unconstitutional, but the court said that the validity of that section was not directly involved in the case. The court said, even if it were the appellant's position was not tenable, but there was no decision of that point and could not be, since it was not involved.

The act of 1921 is merely an attempt to amend section 4 of the Mortgage act by reference and is in violation of section 13 of article 4 of the constitution.

The judgment of the superior court will be reversed and the cause remanded.     *Reversed and remanded.*