(No. 16231.—Affirmed in part and reversed in part.)

The People ex rel. Henry C. James, County Collector, Appellee, vs. The Illinois Central Railroad Company, Appellant.

*Opinion filed December 16, 1924.*

1. Taxes—*highway commissioner must state separate purposes of levy under amendment of 1923.* Under the amendment of 1923 to section 50 of the Roads and Bridges act (Smith's Stat. 1923, p. 1794,) the highway commissioner of each town or road district, in determining the amount to be levied for road and bridge purposes, must state separately the several amounts to be levied for the various purposes enumerated in said section, and a levy of a lump sum for road and bridge purposes is void.

2. Same—*amendment of 1923 to section 50 of the Roads and Bridges act is valid.* The amendment of 1923 to section 50 of the Roads and Bridges act is not invalid as containing a subject not expressed in its title, as the amendment is germane to the provisions of section 50 prior to the amendment and it does not amend any other section.

3. Same—*when consent to additional road and bridge tax may be obtained.* The amendment of 1923 to section 3 of article 13 of the Township Organization act as to meetings of the board of town auditors does not change or modify the provisions of section 56 of the Roads and Bridges act, and the provision of the latter act that consent to the levy of an additional tax for road and bridge purposes shall be obtained in writing from the town auditors "before the first Tuesday in September" will be construed, as heretofore, to mean that such consent may be obtained at the regular September meeting, provided it is given prior to the making of the levy.

4. Statutes—*when amendment will be given same construction as applied to original act.* Where the terms used in a statute have acquired a settled meaning through judicial interpretation and the statutory law is changed by amendment or re-enactment, the terms to which judicial interpretation have been given and which remain in the law are to be understood and interpreted in the same sense theretofore attributed to them by the court, unless by qualifying or explanatory addition the contrary intention of the legislature is made clear.

Appeal from the County Court of Jasper county; the Hon. H. C. Davidson, Judge, presiding.

KASSERMAN & KASSERMAN, (JOHN G. DRENNAN, of counsel,) for appellant.

WILLIAM E. ISLEY, State's Attorney, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Objections were filed in the county court of Jasper county, on the application of the county collector for delinquent taxes, by the Illinois Central Railroad Company to the road and bridge taxes of the towns of Wade, Willow Hill, Fox, Crooked Creek and North Muddy. At the hearing the objections were overruled as to all said taxes and judgment was rendered therefor, from which judgment an appeal has been perfected to this court.

The objections questioned the legality of the road and bridge taxes in the towns of Wade, Willow Hill and Fox because the levies were not itemized, in accordance with the provisions of section 50 of chapter 121 as the same was amended in 1923.

Upon the trial it was stipulated that in the town of Wade there was levied a lump sum of $10,000 for road and bridge purposes; that the same was not itemized; that in the town of Willow Hill a lump sum of $3000 was levied for road and bridge taxes; that the same was not itemized; that in the town of Fox there was levied a lump sum of $4500 for road and bridge taxes, and that the same was not itemized.

Paragraph 3 of section 50 of chapter 121 (Smith's Stat. 1923, p. 1794,) provides that the highway commissioner of each town or road district shall have power, and it shall be his duty, "to determine the taxes necessary to be levied on property within his town or district for road and bridge purposes, subject to the limitations hereinafter provided, and said highway commissioner, in determining the amount to be levied, shall state separately the several

amounts to be levied for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads, and the prevention and extirpation of weeds." It has been repeatedly held by this court that a tax levy for several purposes which does not state the amount for each purpose separately is void.

It is contended by appellee that that part of the amendment of 1923 which requires the commissioner to put certain items in the tax levy is in contravention of section 13 of article 4 of the constitution of Illinois as legislation on a subject not expressed in the title of the act. The title of the act in question is, "An act to amend section 50 of 'An act to revise the law in relation to roads and bridges.'" Manifestly, the paragraph in question is on the subject of roads and bridges, and the amendment is germane to the provisions of section 50 of the act prior to its amendment.

It is contended by appellee that the amendment in question is unconstitutional in that it amends section 56 of the act without in any manner referring to section 56. Section 56 provides that at the regular meeting to be held on the first Tuesday in September the board of highway commissioners in each town or road district shall annually determine and certify to the board of supervisors the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in such town or road district, and provides for the filing of such certificate in the office of the county clerk and for its presentation to the county board for its approval. It does not specify the form of the certificate nor what its contents shall be. The amendment of 1923 in question does not repeal, change or modify any of the provisions of section 56 but is supplemental thereto.

The road and bridge taxes of the towns of Wade, Willow Hill and Fox not having been levied in accordance with paragraph 3 of section 50 were void.

It is stipulated by the parties that in the town of North Muddy there was levied for road and bridge purposes a tax of sixteen cents under authority of a written consent of the board of town auditors at a meeting held on September 4, 1923, which was the first Tuesday in September, 1923; that in the town of Crooked Creek there was levied for road and bridge purposes a rate of sixteen cents under authority given by the board of town auditors at a meeting held September 4, 1923.

It is contended by appellant that the boards of town auditors not having given their consent in writing to the highway commissioners before the first Tuesday of September, 1923, for the levy of such additional taxes, such levies were invalid by reason of the provision of section 56 of chapter 121 (Smith's Stat. 1923, p. 1796,) which provides: "The county clerk shall not extend * * * against the taxable property of any town, a rate in excess of fifty (50) cents on each $100 valuation of the taxable property of the town, unless before the first Tuesday in September the board of highway commissioners of the town shall have secured the consent in writing of a majority of the members of the board of town auditors to the extension of a greater rate." In interpreting this section prior to July 1, 1923, this court held in *People* v. *Chicago and Eastern Illinois Railroad Co.* 306 Ill. 402, *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 id. 162, and other cases, that the consent of the board of town auditors to a levy in excess of fifty cents on the $100 valuation might be given under section 56 of the Road and Bridge law at the regular meeting of the board of town auditors held on the first Tuesday in September, on the same day the levy was made, provided such consent was given prior to the making of the levy, and in so doing judicially determined the meaning of the words, "before the first Tuesday in September." At the time those cases were decided the law only specifically provided for two meetings of the board of town auditors,—

one on the Tuesday next following the annual meeting of the county board and the other on the Tuesday next preceding the annual town meeting. It also provided for a meeting to be held, in the discretion of the town board, on the fourth Tuesday next preceding the annual town meeting. The legislature in 1923 amended section 3 of article 13, chapter 139, (Smith's Stat. 1923, p. 2098,) so as to read as follows: "Said board of town auditors shall meet * * * semi-annually on the Tuesday next preceding the annual meeting of the county board and on the Tuesday next preceding the annual town meeting and may in their discretion meet at such other times as they may determine. Upon the request of the supervisor, or of any two members of the board, the town clerk shall call a meeting at the time requested, and shall furnish to the members of the board at least forty-eight hours' notice thereof." This amendment went into effect July 1, 1923, and it is contended that notwithstanding the decisions of this court above cited, the excess tax is void because the consent of the board of town auditors was not given prior to the first Tuesday in September, 1923.

It is a familiar rule in the interpretation of statutes that where the terms used in a statute have acquired a settled meaning through judicial interpretation and the statutory law is changed by amendment or re-enactment and the terms to which judicial interpretation have been given remain in the law thereafter, they are to be understood and interpreted in the same sense theretofore attributed to them by the court unless by qualifying or explanatory addition a contrary intention of the legislature is made clear. The judicial construction becomes a part of the law, as it is presumed that the legislature in passing the later law knew the judicial construction which had been given to the words of the prior enactment. (25 R. C. L. 992.) The amendment of 1923 did not amend section 56 or change the meaning of the words "before the first Tuesday in September," and

the same interpretation must be given to those words as heretofore given.

The court did not err in rendering judgment for the excess road and bridge taxes of the townships of North Muddy and Crooked Creek, and the judgment of the county court is affirmed as to such taxes and reversed as to the road and bridge taxes of the towns of Wade, Fox and Willow Hill.

*Affirmed in part and reversed in part.*