(No. 34565.—

THE PEOPLE *ex rel.* Charles F. Carpentier, Secretary of State, Appellant, *vs.* TRELOAR TRUCKING COMPANY, Appellee.

*Opinion filed May 21, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and JACK RUBEN, of counsel,) for appellant.

SEYMOUR KEITH, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The People of the State of Illinois sought, by an action heard in the circuit court of Cook County, to exact additional license fees from defendant for truck license plates for the year 1952. Upon hearing before the court, it was found that the defendant had paid the full fee and the cause was dismissed. The revenue being involved, the People have appealed directly to this court.

The defendant, Treloar Trucking Company, was in the business of transporting automobiles by truck. Prior to 1952 the defendant had filed for Illinois licenses for its trucks, not to exceed the gross weight of 24,000 pounds.

During the legislative session of the year 1951, the General Assembly enacted an amendment to section 9 of the Motor Vehicle Act (Ill. Rev. Stat. 1951, chap. 95½, par. 9,) establishing license fees and classifications by weight, for trucks operating upon Illinois highways. This amended act was to become effective January 1, 1952. On

November 20, 1951, the circuit court of Sangamon County enjoined the Secretary of State from administering or enforcing the statute of the State so as to demand, collect, or receive the fees and privilege tax imposed by the amended section 9 of the Motor Vehicle Act, upon the ground of alleged unconstitutionality of the said amendatory act.

It appears from the pleadings and the undisputed testimony of Roy R. Treloar, president of the defendant corporation, that defendant had experienced a few overages in weight, and consequently applied for its 1952 license plates in the classification of 24,000 to 30,000 pounds gross weight, as provided by the 1951 amendatory act. An employee and representative of the Secretary of State, refused to accept the application due to the decree of the circuit court of Sangamon County, and instructed the defendant that it could only apply for the classification of 24,000 to 41,000 pounds established by the old act.

The defendant thereupon was confronted with a situation where it had to make one of two choices. It could refuse to prepare and file with the Secretary of State, as demanded by him, an application for truck license in the classification of 24,000 to 41,000 pounds, and thus suffer severe statutory penalties and disastrous effect of its business, or it could prepare and have filed the applications as demanded by the Secretary of State. It chose the latter course.

The decree of the Sangamon County court was thereafter reversed by this court in *Bode* v. *Barrett*, 412 Ill. 204, and our action confirmed by the United States Supreme Court. The validity of the 1951 amendment having been thus established, the defendant thereupon paid to the Secretary of State the necessary additional fees prescribed in the amendment due thereunder for trucks in the classification of 24,000 to 30,000 pounds. The Secretary of State contends that such payment by the defendant is insufficient, that the sum that remains due is the sum still unpaid on

trucks in the classification of 24,000 to 41,000 pounds due to the increase of fees under the truck act as amended.

A situation somewhat analogous to this case is set forth in the case of *Chicago and Eastern Illinois Railway Co.* v. *Miller,* 309 Ill. 257. There the Public Utilities Act of this State required that for a public utility to issue stocks and bonds it must comply with rules prescribed by the Illinois Commerce Commission, which required such issues to be approved by the commission. The utility there in question contended that such State law was in conflict with the Interstate Commerce Act, which required that a carrier (in that case the utility in question) must have its issuance of stock and bonds approved by the Interstate Commerce Commission and that the right of the Interstate Commerce Commission in this respect was exclusive and plenary. As a result the carrier was confronted with the situation of choosing either to refuse to obtain the approval of the Illinois Commerce Commission and pay the necessary fees and suffer the payment of certain statutory penalties and the revocation of its certificate, or to make application for approval of the issuance of its securities and pay the fees thereunder. The carrier followed the latter course and made payment of the fees prescribed by the act, and then in the above proceeding sought the return of the fees paid. In deciding said cause this court, on page 260, used the following language: "Where a person voluntarily accepts the benefits of a statute, he will, as a general rule, thereafter be precluded from challenging its validity if no question of public policy or public morals is involved. (*Grand Rapids and Indiana Railway Co.* v. *Osborn,* 193 U.S. 17, 24 Sup. Ct. 310; *Musco* v. *United Surety Co.* 196 N.Y. 459, 90 N.E. 171.) Before there can be an estoppel the acceptance of the benefits of the statute must be voluntary. So where money is paid under pressure of severe statutory penalties or disastrous effect to business, it is held that the payment is involuntary and that the money may be recov-

ered. (*Gaar, Scott & Co.* v. *Shannon,* 223 U.S. 468, 32 Sup. Ct. 236; *Robertson* v. *Frank Bros. Co.* 132 U.S. 17, 10 Sup. Ct. 5; *Swift & Courtney & Beecher Co.* v. *United States,,* 111 U.S. 22, 4 Sup. Ct. 244.) It is reasonable that a man who denies the legality of a tax should have a clear and certain remedy. It is true that appellee chose to comply with the plain provisions of the Public Utilities act rather than suffer the losses certain to follow in an effort to market the stock and bonds without the approval of the Commerce Commission, but this does not make its act voluntary. Conduct under duress always involves a choice, but this court has held that the making of a choice under such circumstances does not estop the person acting under duress from later asserting his rights. (*Spaids* v. *Barrett,* 57 Ill. 289; *Chicago and Alton Railroad Co.* v. *Chicago, Vermilion and Wilmington Coal Co.* 79 id. 121; *Pemberton* v. *Williams,* 87 id. 15.)"

Under the facts of the present case it is clear that the defendant filed the application for license plates for trucks in the classification of trucks from 24,000 to 41,000 pounds because the Secretary of State refused to file any other. It was necessary for the defendant to file such application in order to obtain license plates. As in the *Chicago and Eastern Illinois Railway case,* economic necessity demanded if he was to carry on his business, that he do so. It is also clear that he had to do so in order to avoid statutory penalties. Therefore, the filing of the application by the defendant and the payment thereunder was made under duress and compulsion and was not voluntary. It is also clear after the decision of this court (*Bode* v. *Barrett,* 412 Ill. 204) that payment was made under a prior statute which had been validly amended. When this case was filed the defendant chose to offset the involuntary payment made by him under the prior statute as against the sum due as license fees for trucks in the 24,000 to 30,000 classification under the amendment and to pay to the Secretary of State

the balance which was due under the true classification, which he did.

The plaintiff in argument raises some question that the defendant failed to protest the action and requirements of the Secretary of State. Moreover, it is sometimes said that where payment is made under an illegal or invalid statute, both protest and duress is required. Plaintiff fails to raise any such allegation or issue in his brief or reply filed in this court. Our Rule 39 (7 Ill.2d 61) provides that "No alleged error or point not contained in the brief shall be raised afterward, either by reply brief or in oral or printed argnment * * *." The matter of protest is not for our consideration, although we believe it not to have been necessary to defendant's position and action in this cause.

We are of the opinion, therefore,, that the payment made under the trucks' classification of 24,000 to 41,000 was made under compulsion and duress, and that when it afterwards developed that the action of the Secretary of State in refusing to permit the defendant to file and obtain license plates for his trucks under the classification of 24,000 to 30,000 pounds capacity, where in truth and in fact his trucks rightfully belonged and where he tried and intended to have them classified, was illegal, the payments thus made by the defendant were involuntary and an action to recover the same can be maintained. When the Secretary of State in his action sought to force further payment by the defendant under the illegal classification, defendant had the right to defend against the action and to set off as against what the rightful amount should be, his previous payment. Therefore when he added thereto the further sums necessary to complete the sums due on his trucks under the 24,000 to 30,000 classification, he made payment of all sums due from him, and he owes nothing more. The judgment of the trial court is affirmed.

*Judgment affirmed.*