(No. 44032.—

THE PEOPLE *ex rel.* EDMUND J. KUCHARSKI, County Collector, Appellee, v. JAMES G. HIERING, Appellant.

*Opinion filed October 4, 1971.*

PRICE, CUSHMAN, KECK & MAHIN and HOLT & FULLER, and HOLT & KEARNEY, both of Chicago, (ROBERT S. CUSHMAN and JOHN M. BETTS, of counsel,) for appellant.

EDWARD V. HANRAHAN, State's Attorney, JAMES A. RONAN, Chief Attorney, Forest Preserve District of Cook County, and HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER, all of Chicago, (THOMAS J. WEITHERS, JOHN G. LANGHENRY, JR., and WILLIAM R. KUCERA, of counsel,) for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Objector-appellant, James G. Hiering, appeals from the judgment of the circuit court of Cook County overruling objections to the application of the County Collector of Cook County for judgment and order of sale against real estate for the nonpayment of 1967 taxes. The objections involve the taxes levied in 1967 by the Forest Preserve District of Cook County. The taxpayer appealed directly to this court because revenue is involved. Rule 302(a) prior to amendment of July 1, 1971.

Objection VI, as amended, attacks the entire zoological tax fund levy of the district and alleges that the levy is void. Objection VIII, as amended, attacks the entire botanical garden tax fund levy of the district and alleges that this levy is also void. The objections allege that "An Act concerning zoological parks in forest preserve districts," hereafter called the Zoological Park Act (Ill.Rev. Stat. 1967, ch. 57½, pars. 18, 19), and "An Act concerning botanic gardens in forest preserve districts," hereafter called the Botanic Gardens Act (Ill.Rev.Stat. 1967, ch. 57½, pars.20.01, 20.02), violate section 13 of article IV of the Illinois constitution of 1870.

Section 1 of the Zoological Park Act (ch. 57½, par. 18) authorizes the corporate authorities of forest preserve districts, having a population of 150,000 or more, to erect and maintain a zoological park, or to permit a zoological society to construct and maintain a zoological park from funds belonging to the society, or to contract with a zoological society to erect and maintain a zoological park.

The section also authorizes the district to charge, or permit the zoological society to charge, admission fees which are to be devoted exclusively to the operation and maintenance of the zoological park. The second section of the Act (ch. 57½, par. 19) authorizes a special tax in addition to the maximum of all other taxes and tax rates of the district for the construction and maintenance of the zoological park.

Section 1 of the Botanic Gardens Act (ch. 57½, par. 20.01) authorizes the corporate authorities of forest preserve districts, having a population of 200,000 or more, to prepare and maintain a botanic garden, or to permit a horticultural society to establish and maintain a botanic garden, or to contract with a botanic garden existing and organized under the laws of Illinois to construct and maintain a botanic garden. The second section of the Act (ch.57½, par.20.02) authorizes a special tax in addition to the maximum of all other taxes and tax rates of the district for the establishment and maintenance of a botanic garden.

Under the authority granted in section 1 of the Zoological Park Act, the Forest Preserve District of Cook County and the Chicago Zoological Society entered into a contract for the operation and maintenance of the Chicago Zoological Park in Brookfield, commonly known as the Brookfield Zoo. The 1967 zoological tax fund levy was made under section 2 of that Act and amounts to $851,865.03 or approximately 60% of the anticipated operating expenses of the zoo for 1967.

Under the authority granted in section 1 of the Botanic Gardens Act, the Forest Preserve District of Cook County and the Chicago Horticultural Society entered into a contract in 1965 whereby the district would partially reimburse the Society for the cost of constructing and maintaining the Chicago Botanic Gardens. The 1967 botanic garden tax fund levy was made under section 2 of that Act and amounts to $851,865.03 or approximately

29% of the anticipated construction and operating expenses of the botanic gardens for 1967.

The taxpayer argues that the Zoological Park Act and the Botanic Gardens Act amend by implication "An Act to provide for the creation and management of forest preserve districts," (Ill.Rev.Stat. 1957, ch. 57½, par. 1 *et seq.*), hereafter called the Forest Preserve Act. He then asserts that neither the Zoological Park Act nor the Botanic Gardens Act had inserted in them the sections of the Forest Preserve Act which they amend, as required by section 13 of article IV of the Illinois constitution of 1870, and that the subject of the amendatory acts is different from and not expressed in the title of the Forest Preserve Act, also as required by section 13 of article IV of the Illinois constitution of 1870.

It is obvious that the power of a forest district to create and maintain a zoo under the provisions of the Zoological Park Act and botanic gardens under the provisions of the Botanic Gardens Act gives the forest preserve district powers in addition to those granted under sections 5 and 6 of the Forest Preserve Act (ch. 57½, par. 5 and 6) and the special taxing power for the construction and maintenance of a zoo and botanic gardens is in addition to the taxing power granted the district under section 3 of the Forest Preserve Act (ch. 57½, par. 14.) Thus, the Zoological Park Act and the Botanic Gardens Act do change the powers of a forest preserve district as expressed in the Forest Preserve Act; and since those acts do not expressly amend the Forest Preserve Act, the change is by implication.

It is well established, however, that an act which is complete in itself and does not expressly amend a prior statute, although it may do so by implication, does not violate section 13 of article IV of the Illinois constitution of 1870. *(People ex rel. Kaneland Community Unit School Dist. v. Howlett, 30 Ill.2d 128; Hertz Corp. v. Taylor, 15 Ill.2d 552; Jordan v. Metropolitan Sanitary Dist. of*

*Greater Chicago, 15 Ill.2d 369; People ex rel. Kincaid v. School Directors of Dist. No. 8, 267 Ill. 172.)* The taxpayer does not dispute this long established construction that has been given to section 13 of article IV, but contends that the Zoological Park Act and the Botanic Gardens Act are not complete in themselves. He points out these acts contain "no provisions providing that bids for construction work must be advertised as provided in the Forest Preserve Act, no provision that monies for operating the zoo must be spent pursuant to a prior appropriation therefor contained in the Forest Preserve District's annual appropriation ordinance and no provision that employees hired to operate the zoo must be hired in accordance with the Forest Preserve's Civil Service Ordinance." He argues that because these and many other directions and restrictions affecting the operation of the zoo and botanic gardens are contained solely in the Forest Preserve Act, the two acts are not complete in themselves.

The answer to this contention was made by this court when it said: "Two or more laws relating to the same subject, or different parts of the same subject matter, are not necessarily amendatory of each other, within the meaning of this clause of the constitution [sec. 13, art. IV], although they may be construed together as *in pari materia.*" *(School Directors of Union School Dist. v. School Directors of New Union School Dist., 135 Ill. 464, 474.)* The Zoological Park Act and the Botanic Gardens Act are complete in themselves. The fact that when these acts are read *in pari materia* with the Forest Preserve Act various directions and restrictions which apply generally to a forest preserve district under the Forest Preserve Act will affect the manner in which the district operates a zoo or botanic garden does not render the Zoological Park Act or the Botanic Gardens Act incomplete.

We have examined the cases upon which the taxpayer relies and find them clearly distinguishable. In *Brooks v. Hatch, 261 Ill. 179,* the statute held invalid changed the

powers of the commissioners of the drainage district with respect to expenditure of portions of the annual assessment of benefits. In *Board of Education v. Haworth, 274 Ill. 538,* the statute amended the section governing distribution of school funds by permitting payment out of those funds of the tuition of pupils attending high schools outside their district. In *Chicago Motor Club v. Kinney, 329 Ill. 120,* the statutes authorized payments from the State Road Fund for purposes other than those authorized in the Motor Vehicle Act and purported to change the uses which counties might make of appropriations received from the State Road Fund. In all of these cases, the statutes struck down, unlike those here under consideration, were incomplete.

We hold that the Zoological Park Act and Botanic Gardens Act do not violate section 13 of article IV of the Illinois constitution of 1870 and objections VI and VIII as amended were properly overruled. The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*