HART FISHER *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF OTTAWA *et al.*, Defendants-Appellees.

(No. 72-10;

Third District—November 16, 1972.

Robert E. White, of Ottawa, for appellants.

Joseph Lanuti, of Ottawa, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellants, Hart Fisher and Gerald Sesto, plaintiffs below and hereinafter referred to as such, filed a suit for a declaratory judgment in the circuit court of La Salle County. The suit was in the nature of a class action brought on behalf of themselves and all other past and present inhabitants, consumers, users and rate payers for the services provided by the combined waterworks and sewage system of the city of Ottawa, La Salle County, Illinois, who have paid penalties pursuant to section 2 of an ordinance of the city of Ottawa. This ordinance provided for a 10% penalty charge on all rates not paid within ten days from the date of billing. This section of the ordinance was declared void and of no effect by a decision of the circuit court of La Salle County. Plaintiffs alleged in their complaint that these penalty payments were made under duress and compulsion and thus were recoverable, and they sought to have the monies collected by virtue of this section of the ordinance placed in a separate fund and be repaid to those persons who had made such payments.

The trial court did not hear any evidence, but in a decision based on the pleadings granted the defendants' motion to dismiss the complaint on the grounds that (1) the plaintiffs failed to state a cause of action, (2) that there was no showing the payments of penalties as provided under the city ordinance were anything but voluntary, and (3) that the plaintiffs failed to set forth any facts which presented the same factual circumstances in regard to each claim which is a requisite in a representative or class action.

The sole issue presented for review in this appeal is whether the trial court acted correctly in granting defendant's motion to dismiss the complaint.

In order to establish the involuntary nature of the penalty payments,

which was necessary to state a cause of action, the plaintiffs alleged in paragraph 17 of their complaint as follows:

"17. That plaintiffs since the enactment of the City Council of Ottawa, on the 25th day of March, 1957, of the ordinance entitled 'An Ordinance establishing charges and rates for the use and service of the combined waterworks and sewage system of the city of Ottawa, La Salle County, Illinois', pursuant to the penalty clause heretofore referred to in section 2 of said ordinance and also the penalty provision in section 2 of the ordinance enacted on the 18th day of February, 1969, and against their will and consent but by reason of the threat of termination of water service as provided in Section 4 of said ordinances and further, by reason of the threat of a lien and the foreclosure of said lien against the property of the plaintiffs as provided in section 3 of said ordinances and further, by reason of the threat of a judgment and civil case against said plaintiffs including reasonable attorney's fees to be fixed by the court as authorized by section 3 of said ordinances; paid the penalties as provided in section 2 of said ordinances heretofore referred to."

It is plaintiffs' contention that since a motion to dismiss admits all well-pleaded facts the above paragraph is a sufficient allegation of the involuntary nature of the penalty payments to withstand a motion to dismiss. However, after examining this paragraph of the plaintiff's complaint it becomes quite evident that it fails to allege facts but instead sets forth conclusions which are not admitted by virtue of a motion to dismiss being directed against them. See *Cauley v. Northern Trust Co.*, 315 Ill.App. 307, 43 N.E.2d 147.

The sections of the ordinance with which we are concerned are as follows:

"AN ORDINANCE ESTABLISHING CHARGES AND RATES FOR THE USE AND SERVICES OF THE COMBINED WATERWORKS AND SEWAGE SYSTEM OF THE CITY OF OTTAWA, LA SALLE COUNTY, ILLINOIS, adopted May 25, 1957.

Section 2. * * * A penalty of 10% shall be added to all bills not paid within ten days of the date of billing. If the 10th day of any month shall be a Sunday or legal holiday, then such bill for service shall be payable on the next succeeding secular day without additional penalty.

Section 3. * * * In the event the charges for services are not paid within thirty days after rendition of the bill for such service, such charges shall be deemed and are hereby declared

to be delinquent, and thereafter such delinquency shall constitute liens upon the real estate for which said service is supplied. * * * Said City of Ottawa, Illinois, shall have the power to foreclose such lien in like manner and like effect as in the foreclosure of mortgages on real estate.

* * * Said City of Ottawa, Illinois is authorized from time to time to sue the occupant or user of real estate in a civil action to recover money due for water and sewage services, plus a reasonable attorney's fee to be fixed by the court. * * *

Section 4. * * * If the rates or charges for such service are not paid within thirty days after rendition of the bill for such services, the city collector is hereby authorized and directed to notify in writing the owner of the premises, the occupants thereof, and the user of the service, that such delinquency exists and that services shall be discontinued without further notice. If such rates or charges are not paid within five days after such notice service shall be discontinued. Upon the disconnection of any services, a charge of $5.00 shall be made for re-connecting the same after settlement of delinquent account."

As argued by the appellee there is a serious question as to whether the enforcement provisions, to-wit, Sections 3 and 4 of the ordinance, even relate to the payment of the 10% penalty provided for in Section 2. It is clear that the citizens of Ottawa were able to secure water and sewer services merely by the payment of the rates and charges set by the city and as authorized by statute. None of the enforcement provisions could be brought into play unless the user of the services first failed to pay for services already provided to them by the city of Ottawa. No user of the city's services would ever have been subjected to a penalty if he had merely paid the proper and legal charge for services already received. It is difficult to comprehend how the enforcement provisions, to-wit, threat of termination of services, threat of lien and threat of civil prosecution, were responsible for the payment of the 10% penalty contained in Section 2 of the ordinance. Instead it is obvious that such penalties were voluntarily paid by users who placed themselves in a position where by terms of the ordinance they became obligated to do so.

The plaintiffs cite several cases to support their contention that the penalty payments were involuntarily made, but an examination of them discloses that they are based upon factual situations quite distinguishable from those present in the appeal now before us. In *People ex rel. Carpentier v. Arthur Morgan Trucking Co.*, 16 Ill.2d 313, 157 N.E.2d 41, drivers of trucks belonging to a Missouri corporation were arrested for failure to have Illinois license plates even though they were operating in inter-

state commerce within a 25 mile limit and hence not subject to license requirements under reciprocity statutes of Illinois and Missouri. The company applied for Illinois plates to prevent further arrests and disruption of business. Our Supreme Court held that such payments for license fees were involuntary since they were made under duress and economic compulsion.

In *Edward P. Allison Co. v. Village of Dolton*, 24 Ill.2d 233, 181 N.E.2d 151, the payment of inspection and license fee under protest and as the result of a threat by a village official that work would be stopped were also held by our Supreme Court to be involuntary.

*American Brewing Co. v. City of St. Louis*, 187 Mo. 369, 86 S.W. 129, is a case where the plaintiff, a distiller of beer, was entirely dependent on the city for its water supply and an ordinance required it to procure a license for six months and pay for the water in advance. The brewing company had also been required to pay a greater amount than was shown to be required by the ordinance. The reviewing court held that the payment had been made under compulsion and therefore involuntary.

We do not deem a further recital of cases cited by the plaintiffs necessary for in all of them there was evidence showing payment under protest or actual duress and compulsion. No such facts are alleged in the pleadings of this case and no such testimony was presented at a hearing on the motion to dismiss.

■■ The trial judge in the instant case made an exhaustive examination of the pertinent law and filed an opinion in support of his decision. We believe that he correctly stated the law to be, that in the absence of a statutory provision providing for payment under protest, payments made by compulsion of statute or ordinance, even though the statute or ordinance is void, cannot be recovered unless the payor in some manner registers his protest or the facts of the transaction itself establish that the payment was involuntary. See *Richardson Lubricating Co. v. Kinney*, 337 Ill. 122, 168 N.E. 886; *Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535, 85 N.E. 200; *Arms v. City of Chicago*, 251 Ill.App. 532.

■■ In the instant case the plaintiffs alleged only the enforcement provisions of the ordinance as being the instrumentalities that rendered their payment of penalties involuntary. Therefore the trial court properly granted the motion to dismiss their complaint since it contained no allegations that would support a finding that the payments were made involuntarily as the result of compulsion or duress.

■■ A class action may be brought only where there is a "common interest" among the members of the class in both the "question involved" and "the remedy" and "the subject matter" of the suit; or where the relationship among the members of the class is such as "legally to entitle"

one member to "stand in judgment" for the others. (*Newberry Library v. Board of Education*, 387 Ill. 85, 55 N.E.2d 147.) That there may be some facts similar does not qualify a person to represent another. The rights of the class must depend upon the same factual circumstances. (See *Peoples Store of Roseland v. McKibbin*, 379 Ill. 148, 39 N.E.2d 995.) Having determined that the so-called enforcement provisions of the ordinance of the city of Ottawa did not *per se* make the penalty payments involuntary then in order to obtain recovery of such payment it becomes necessary for each individual who paid such a penalty under an invalid ordinance to establish by the transaction itself whether such payment was made under protest, duress or other circumstances that would make it involuntary. It therefore is apparent that the factual situation in the case before us is not such as will support a class action. In view of the failure of all individuals who made the penalty payments to have a common interest in both the subject matter and the remedy it is not possible for the plaintiffs to stand in judgment for others.

For the reasons set forth the order of the circuit court of La Salle County dismissing the complaint of the plaintiffs is affirmed.

Order affirmed.

STOUDER, P. J., and ALLOY, J., concur.