UNITED PRIVATE DETECTIVE AND SECURITY ASSOCIATION, INC., *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 76-1706

Opinion filed December 28, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellants.

Donald L. Metzger, of Chicago (Burditt and Calkins, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants appeal from an order of the circuit court of Cook County granting judgment for plaintiffs on their amended complaint. In the trial court, defendants elected to stand on their motion to dismiss plaintiffs' amended complaint for failure to state a cause of action.

Plaintiffs are private detectives and detective agencies which do business in the State of Illinois and the City of Chicago. Purporting to represent themselves and others similarly situated, plaintiffs commenced this class action seeking recovery of license fees collected after September 5, 1974, under the "Security Firms" ordinance of the City of Chicago. (Chicago Mun. Code 1975, ch. 117.) That ordinance provided for the city's licensing and regulation of the same categories of detectives and detective agencies as are regulated under State law by the Illinois Department of Registration and Education. (Ill. Rev. Stat. 1975, ch. 38, par. 201—1 et seq.) The ordinance was applicable if and when such businesses were conducted within the corporate limits of the City of Chicago.

On September 5, 1974, Public Act 78-1232 was enacted. This law provides that the power to regulate the private detective business shall be exercised exclusively by the State and may not be exercised by any unit of local government. On January 3, 1975, these same plaintiffs instituted suit in the Federal district court seeking to enjoin enforcement of the ordinance on the basis of Federal questions of due process and equal protection. The district court entered an order abstaining from consideration of the Federal issues until such time as the State law questions were resolved in the State court. Thereafter plaintiffs filed suit in the circuit court of Cook County seeking injunctive relief and asking that the "Security Firms" ordinance be declared null and void. Plaintiffs' complaint was dismissed and an appeal was taken. On January 20, 1976, the Illinois Supreme Court held that Public Act 78-1232 had preempted home rule units, including the City of Chicago, from licensing and regulating detectives and detective agencies. (United Private Detective & Security Association v. City of Chicago (1976), 62 Ill. 2d 506, 343 N.E.2d 453.) Plaintiffs then commenced the present action seeking recovery of fees paid after the enactment of Public Act 78-1232.

The issue presented is whether plaintiffs' amended complaint stated a cause of action. Defendants maintain that the complaint fails to allege facts which would support a finding that the license fees were paid under duress.

■■ The general rule is that money voluntarily paid cannot be recovered, even though the ordinance requiring the payment is later found to be unconstitutional. (*Yates v. Royal Insurance Co.* (1902), 200 Ill. 202, 65 N.E. 726.) Exceptions to this rule are warranted in two situations. The first, admittedly inapplicable here, is when the fees are accompanied by a formal protest. (See *People ex rel. Darr v. Alton Railroad Co.* (1942), 380 Ill. 380, 43 N.E.2d 964.) Plaintiffs here make no allegation that the license fees were paid under protest.

■■ ■ A second exception exists when the payment is made under duress. When a fee is paid under the belief that the ordinance requiring it is valid, the existence of statutory penalties, standing alone, will not render the payment involuntary. (See *Fisher v. City of Ottawa* (1972), 8 Ill. App. 3d 553, 289 N.E.2d 717; *Arms v. City of Chicago* (1929), 251 Ill. App. 532.) The complaint must state facts showing that the payment was made under compulsion. Compulsion exists where pressure is brought to bear upon the person paying so that it interferes with the free enjoyment of his rights of person or property. To justify recovery of the money, the compulsion must furnish the motive for the payment (See *Illinois Glass Co. v. Chicago Telephone Co.* (1908), 234 Ill. 535.) We believe that plaintiffs' complaint meets this burden.

In their amended complaint, plaintiffs alleged that the "Security Firms" ordinance authorized a penalty of a fine up to $1,000 and/or six months imprisonment for each day of operation without a license. It was also alleged that these penalties, together with attempted enforcement of these provisions by defendants, posed a substantial threat of adverse economic effects to plaintiffs' businesses. It was finally alleged that the controlling motive for paying the license fees was plaintiffs' desire to avoid these consequences.

■■ At common law, the only form of duress recognized was duress of person. (See *People ex rel. Sweitzer v. Orrington Co.* (1935), 360 Ill. 289, 195 N.E. 642.) Later decisions have extended the concept of duress to include compulsion of business. (*People ex rel. Carpentier v. Treloar Trucking Co.* (1958), 13 Ill. 2d 596, 150 N.E.2d 624; *Ross v. City of Geneva* (1976), 43 Ill. App. 3d 976, 357 N.E.2d 829.) In *Ross*, the court stated at page 984, "[W]hen a business person pursues his only commercially reasonable course of action, although the action in some limited sense involves choice, such action does not rise to the level of waiver or estoppel." Plaintiffs here were not required to refrain from paying the license fees and risk the imposition of severe statutory penalties, including imprisonment, in order to preserve their objection to

the validity of the ordinance. Since plaintiffs alleged that the controlling motive for the payment of fees was the desire to avoid adverse economic consequences imposed by an ordinance they believed to be invalid, we hold that the trial court did not err in finding that the complaint stated sufficient facts to warrant a finding that the payments were made under duress. Moreover, two days after the fees were paid, January 3, 1975, plaintiffs instituted suit in Federal court to have the ordinance declared unconstitutional. This act placed defendants on notice that plaintiffs did not consider the license fees valid and that payment was made unwillingly. Defendants were not in any way prejudiced by plaintiffs' failure to file a formal protest.

■■ In their brief, defendants raise the issue that even if the trial court's finding of payment under duress is correct as to the named plaintiffs, the class action was improper because it would be necessary for each party to prove by the transaction itself whether the payment was made under duress. In the trial court, defendants elected to stand on their motion to dismiss the complaint for failure to state a cause of action and made no objection to the propriety of a class action. Defendants did not preserve a challenge to the propriety of the class action and have waived any issue as to the class action on appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.